**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4590

_____

VEGAS GIBSON,

Appellant

v.

SUPERINTENDENT DALLAS SCI;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
THE DISTRICT ATTORNEY OF DAUPHIN COUNTY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. Civil No. 1-12-cv-02443)
District Judge:  Honorable Yvette Kane

_____

Submitted under Third Circuit LAR 34.1(a)
on February 12, 2016

Before: FUENTES, KRAUSE and ROTH, Circuit Judges

(Opinion filed: March 30, 2016)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

         Vegas Gibson appeals the District Court's denial of his petition for writ of *habeas corpus*, challenging his July 2005 conviction on the basis of ineffective assistance of counsel. We conclude that Gibson has not demonstrated that counsel was ineffective and therefore we will affirm the judgment of the District Court.

## I.

         Gibson is an inmate at State Correctional Institute in Dallas, Pennsylvania, serving a life sentence for first-degree murder, aggravated assault, firearm possession and reckless endangerment. Following his conviction, Gibson filed a petition for post-conviction relief on the basis of ineffective assistance of counsel pursuant to Pennsylvania's Post-Conviction Relief Act (PCRA). The PCRA court denied Gibson's petition and the Pennsylvania Superior Court affirmed the PCRA court's ruling. Gibson then filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in the U.S. District Court for the Middle District of Pennsylvania, which denied the petition. Gibson's present appeal asserts three grounds upon which the lower courts should have found ineffective assistance of counsel.[1] We review Gibson's claims *de novo*.[2]

## II.

         To demonstrate that counsel was ineffective, Gibson must establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

---

[1] We have appellate jurisdiction under 28 U.S.C. § 2253(a) and 28 U.S.C. § 1291.
[2] *Werts v. Vaughn*, 228 F.3d 178, 191 (3d Cir. 2000).

defendant by the Sixth Amendment" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[3] The Supreme Court in *Strickland* cautioned that "[b]ecause of the difficulties inherent in making the evaluation [of effectiveness of counsel], a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"; therefore "[j]udicial scrutiny of counsel's performance must be highly deferential."[4] Where, as here, we review proceedings from a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."[5]

Gibson first alleges that his trial counsel was ineffective in failing to object to certain closing statements by the prosecution. During closing arguments in Gibson's trial, the prosecutor stated, "the first time you heard even a word about self-defense with respect to Gibson was this afternoon . . . . Four and a half days into the trial, Vegas Gibson gets on the stand. That is when we hear self-defense." Gibson claimed these statements improperly relied on his post-arrest silence, in violation of *Doyle v. Ohio*.[6] Gibson previously raised this argument before the PCRA court, the Pennsylvania Superior Court and the District Court, all of which found no error given that the

---

[3] *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).
[4] *Id.* at 689.
[5] *Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.").
[6] 426 U.S. 610, 618-19 (1976) ("[I]t would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial.").

3

prosecutor did not mention Gibson's post-arrest conduct, but rather simply referred to his conduct at trial. We agree that the prosecutor's comments were an allowable response to Gibson's conduct at trial and therefore his counsel was not ineffective for failing to object to them.

Gibson also claims that his trial counsel was ineffective on two grounds related to Jason Brown, a witness critical to Gibson's self-defense argument. At trial, Gibson's self-defense claim was predicated in part on the actions of Brown, whom Gibson believed to be "exceptionally dangerous." Gibson claims that his counsel was ineffective in failing to discover that criminal charges had been filed against Brown. The PCRA court addressed this issue and found that because the charges against Brown had been dismissed for lack of evidence, there was no basis for bringing those charges to the jury's attention. Furthermore, the PCRA court concluded that Gibson's counsel was able to elicit testimony at trial showing that Brown had been involved in violent crimes in the past, which supported Gibson's self-defense claim. We therefore agree that Gibson has not shown that he was prejudiced by any failure to discover that criminal charges had been filed against Brown.

Additionally, Gibson argues that counsel was ineffective in failing to object to the trial court's exclusion of his proposed testimony about Brown's violent character. The Pennsylvania Superior Court agreed with Gibson that the testimony in question was offered to establish Gibson's state of mind, rather than the truth of the matter asserted, and therefore held that the trial court erred in finding the testimony inadmissible hearsay. However, the Superior Court also concluded that because the jury did hear evidence

4

about "instances in which [Gibson] personally observed Brown commit acts of violence and other witnesses testified at [Gibson's] trial about violent episodes in which Brown was involved," the excluded evidence was merely cumulative.  We agree with the District Court's holding that Gibson has failed to establish that he was prejudiced by his counsel's failure to object to the trial court's exclusion of his testimony.

Gibson has failed to demonstrate that the PCRA court's ruling was unreasonable in its application of *Strickland*.  We will therefore affirm the judgment of the District Court.